927 F.2d 1257
 288 U.S.App.D.C. 402
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Michael E. HAYWOOD, Appellant,
v.
DISTRICT OF COLUMBIA, District of Columbia City Government, et al.
 No. 90-7011.
 United States Court of Appeals, District of Columbia Circuit.
 Feb. 12, 1991.
 
 AFFIRMED.
 Before MIKVA, Chief Judge, and RUTH BADER GINSBURG and CLARENCE THOMAS, Circuit Judges.
 ORDER
 PER CURIAM.
 
 
 1
 Upon consideration of the District of Columbia's motion to dismiss or for summary affirmance, and the response thereto, the motion to govern further proceedings, and the federal appellees' motion for summary affirmance, it is
 
 
 2
 ORDERED that the motion of the District of Columbia appellees for summary affirmance be granted. These parties appear to have played no role in denying good time credits to appellant. See Cosgrove v. Smith, 697 F.2d 1125, 1130 (D.C.Cir.1983) (noting that federal authorities make parole decisions about D.C.Code offenders committed to federal prisons). Appellant's failure to connect these parties with the specific violations alleged warrants dismissal under Fed.R.Civ.P. 12(b)(6), for failure to state a claim upon which relief can be granted. See C. WRIGHT & A. MILLER, Federal Practice and Procedure Sec. 1234 at 264 (1990) (dismissal justified where plaintiff "fails to connect defendant with the alleged wrong"). It is
 
 
 3
 FURTHER ORDERED that the motion of the District of Columbia appellees to dismiss be granted with regard to any request for restoration of good time credits benefits. Because appellant has already served his minimum sentence under the federal good time credits scheme, the application of the D.C. Good Time Credits Act would not serve to hasten his parole eligibility date or shorten his sentence. Therefore, any of appellant's claims which could have been construed as requesting habeas relief should have been dismissed as moot. It is
 
 
 4
 FURTHER ORDERED, on the court's own motion, that the district court's order, filed January 3, 1990, sua sponte dismissing the complaint against federal appelleees for failure to state a claim under Fed.R.Civ.P. 12(b)(6), be vacated and the case remanded to the district court for further proceedings. Although, as the district court notes, the D.C. Good Time Credits Act does not apply retroactively, where applicable, the Act applies to persons convicted for violation of a District of Columbia criminal law as of the Act's effective date, April 11, 1987. See D.C.Code Ann. Sec. 24-428 (1989). Thus, it is not frivolous to argue that the denial of D.C. good time credits to appellant for the period April 1987 to September 1989 violates equal protection and due process guarantees. Cf. Moss v. Clark, 886 F.2d 686 (4th Cir.1989); Pryor v. Brennen, 914 F.2d 921 (7th Cir.1990). On remand, the court is directed to order federal defendants to file a response to the complaint. It is
 
 
 5
 FURTHER ORDERED that the motion to govern further proceedings be dismissed as moot.
 
 
 6
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.